UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD HOPKINS,

        Plaintiff,                      CIVIL ACTION NO. 05 CV 70354 DT

        v.                              DISTRICT JUDGE JOHN CORBETT O'MEARA

JO ANNE B. BARNHART,           MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

### II. Background

Plaintiff filed applications for Social Security Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on November 26, 2001, claiming that he was disabled due to pain in his back, left wrist and arm, tail bone, legs, and knees. (Tr. 50, 62, 177-79)[1] Plaintiff was 43 years of age when he filed the applications. The Social Security Administration (SSA)

---

[1] Plaintiff filed prior applications for DIB and SSI in 1986. The applications were denied following a hearing before an Administrative Law Judge. (Tr. 20)

denied the applications on September 10, 2002. (Tr. 37-42, 181-84) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 43) The hearing was held on June 9, 1998, before ALJ Samuel Rodner. (Tr. 243-87) On July 29, 2004, the ALJ issued a decision denying plaintiff's applications. (Tr. 17-27) The ALJ determined that plaintiff suffered from chronic low back pain, chronic left knee pain, and left wrist pain, and that his impairments were "severe" within the meaning of 20 C.F.R. § 404.1520, but that he did not have an impairment that met or equaled any impairment listed in Appendix 1, Subpart P of the Social Security Regulations. (Tr. 26) Based on the hearing testimony of a vocational expert (VE), the ALJ further concluded that plaintiff was capable of performing his past relevant work as a cashier notwithstanding his impairments. Id. Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. (Tr. 26-27)

Following the denial of his applications, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 11-12, 15-16) The Appeals Council denied the request on December 21, 2004. (Tr. 5-7) The ALJ's decision thus became the final decision of the Commissioner. On February 1, 2005, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the parties have filed cross-motions for summary judgment. Plaintiff contends in his motion that the ALJ improperly delegated his fact-finding responsibility to the VE in the course of determining that plaintiff was not disabled and that the VE's testimony establishes that he is disabled. The Commissioner contends in her motion that the ALJ's decision is supported by substantial evidence and should thus be affirmed.

### III.  Legal Standards

### A. Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); see also 42 U.S.C. § 1382c(a)(3)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); see also 42 U.S.C. § 1382c(a)(3)(C)(I). The claimant bears of the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB and SSI claims. 20 C.F.R. § 404.1520, 20 C.F.R. § 416.920. As discussed in Foster, 279 F.3d. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the

- 3 -

> performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.[2]

### B.  Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997).  The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

### IV.  Analysis

---

[2] Foster involved a claim for DIB, not SSI.  However, the analysis is the same regardless of whether the claim in question is one for DIB or SSI.

### A.  Step Four Determination

The ALJ rendered findings favorable to plaintiff at the first three steps of the five-step disability determination process.  At the fourth step, the ALJ determined that plaintiff's prior job as a cashier constituted "past relevant work," as defined in 20 C.F.R. §§ 404.1565, 416.965, and that plaintiff's "past relevant work as a cashier did not require the performance of work related physical activities precluded by his residual functional capacity[.]"  (Tr. 26)  Accordingly, the ALJ concluded that plaintiff's "medically determinable impairments do not prevent the claimant from performing his past relevant work as a cashier."  Id.  In the body of the opinion, the ALJ stated the following regarding his step four findings:

> The evidence in this case establishes that the claimant has past relevant work as a stocker, a cashier and a housekeeper, all of which jobs were light and unskilled as they were performed by the claimant and as they were generally performed in the national economy (vocational expert testimony).  The vocational expert also testified that the claimant could perform his job as a cashier as he actually performed that job in the past.  The undersigned accepts the testimony of the vocational expert and concludes that the claimant is able to return to his past relevant work as a cashier both as he performed that job and as it is generally performed in the national economy.
>
> Therefore, based on the claimant's residual functional capacity, the claimant can return to his past relevant work as a cashier as he actually performed that job.

(Tr. 25)

Plaintiff claims that the ALJ erred in reaching this conclusion.  Plaintiff does not contend that the ALJ's step-four determination is not supported by substantial evidence.  Rather, plaintiff argues that the ALJ improperly delegated his fact-finding responsibility to the VE at step four

and, therefore, that he erred as a matter of law in determining that plaintiff was capable of performing his past relevant work. In support of his argument, plaintiff relies principally upon Young v. Apfel, 39 F.Supp.2d 1327 (N.D.Okla. 1999) and Poindexter v. Apfel, 94 F.Supp.2d 1176 (D.Kan. 2000).

In Young, the ALJ concluded, as in this case, that the claimant was capable of performing his past relevant work and, therefore, that he was not disabled. The claimant filed suit for judicial review of the ALJ's decision, arguing that the ALJ "improperly allowed the vocational expert to conclude that Plaintiff is capable of performing his past work as a security guard and driver and that this was not sufficient." Young, 39 F.Supp.2d at 1332. The district court reversed the decision and remanded the matter for further proceedings, concluding that the ALJ failed to follow the correct procedure at step four of the disability determination process. The district court noted that under Social Security Ruling 82-62 (SSR), an ALJ was required at step four to make specific factual findings regarding the claimant's RFC, findings regarding the physical and mental demands of the claimant's prior job, and a finding as to the claimant's ability to return to his prior job. The district court further noted that "the Tenth Circuit Court of Appeals has specifically frowned upon the delegation of this duty to the vocational expert." Id. (citing Winfrey v. Chater, 92 F.3d 1017 (10th Cir. 1996)). In reversing the ALJ's decision, the district court stated the following:

> In this case, the ALJ's opinion does not outline Plaintiff's past relevant work or proceed through the three-step process outlined in the Social Security Regulations and [Henrie v. U.S. Department of Health and Human Services, 13 F.3d 359 (10th Cir. 1993)]. Rather the ALJ observes that the vocational expert "was presented a series

>of facts based upon the claimant's condition as it is outlined in the record and in this decision. The vocational expert was also familiar with the claimant's work history."... As the ALJ notes, the vocational expert concluded that Plaintiff could return to his past relevant work. However, as outlined above, this is not the correct procedure at Step Four. The Court concludes that the ALJ's decision at Step Four is therefore not supported by substantial.

Id. at 1333.

In Poindexter, as in Young, the ALJ rendered a step-four determination that the claimant was capable of performing her past relevant work and was thus not entitled to SSI benefits. The claimant filed suit for judicial review, claiming that the ALJ failed to make findings regarding the physical and mental demands of her past work and that the ALJ improperly relied upon the testimony of a VE in determining that she was capable of performing her past relevant work as a telemarketer. The district court agreed and reversed the ALJ's decision:

>The Court agrees that the ALJ failed to develop the record with factual information regarding the actual work demands of plaintiff's past relevant work and whether, given her physical and mental limitations, she could meed those demands. The only record evidence is the vocational expert's statements that plaintiff's work as a telemarketer was s[...] physical requirements of her work as a telemarketer, such as whether it required prolonged sitting or standing or frequent use of her hands.
>
>The ALJ also failed to make any factual findings as to how plaintiff's impairments would relate to the actual demands of her work as a telemarketer. At the hearing, the ALJ asked the VE if plaintiff could return to her past job with an RFC as offered by the ALJ. The ALJ did not give the VE any description of the work demands of claimant's past relevant work. The VE responded that claimant could still function as a telemarketer within her limitations, and that the job was sedentary and unskilled. In his written decision, the ALJ merely stated that "Claimant's past relevant work as a telemarketer did not require the performance of

> work-related activities precluded by the limitations that he set forth."... Nothing in the record, however, indicates exactly what the ALJ found plaintiff's work as a telemarketer required. Although defendant points out that the VE testified that plaintiff's work as a telemarketer was sedentary and unskilled, that testimony does not identify the specific demands of her past work. Even if the job was sedentary, under the RFC as found by the ALJ, plaintiff could only perform it if, for instance, she could stand for two hours of the day, and if the job did not require more than short periods of gripping and grasping. It is possible that her past job as a telemarketer required plaintiff to grasp a pencil for long periods of time, or that it precluded her from being able to stand for two hours out of an eight hour day. It appears that the ALJ delegated his fact-finding responsibilities, a practice that the Tenth Circuit discourages.

Poindexter, 94 F.Supp.2d at 1188, 1189.

Plaintiff contends that the ALJ in this matter, like the ALJs in Poindexter and Young, delegated his fact-finding authority at step four to the VE and that his decision must therefore reversed. The court disagrees. As an initial matter, Poindexter and Young are, of course, not binding on this court, and there is no similar Sixth Circuit case law. Further, these cases, and the case upon which both rely, Winfrey, supra, 92 F.3d 1017, merely hold that delegation of step four fact finding authority to a VE is "a practice that the Tenth Circuit *discourages*." Poindexter, 94 F.Supp.2d at 1189 (emphasis added). Thus, these cases do not stand for the proposition advanced by plaintiff – that reversal is required as a matter of law where an ALJ has "delegated" his or her fact finding responsibility at the step four level. In addition, these cases seemingly ignore the language of 20 C.F.R. § 404.1560(b)(2), which states the following:

> (2) *Determining whether you can do your past relevant work.* We will ask you for information about work you may have done in the past. We may also ask other people who know about your work....

> We may use the services of vocational experts or vocational specialists, or other resources, such as the "Dictionary of Occupational Titles" and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity. A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

20 C.F.R. § 404.1562(b)(2).

As the regulation makes clear, an ALJ may consult with a VE in determining whether a claimant is capable of performing his past relevant work. It is a fine line between "delegating" fact finding authority to a VE and consulting with a VE in order to obtain information regarding a claimant's past relevant work – it is, perhaps, a distinction without a difference. In any event, the court would characterize the ALJ's conduct in this matter as more the latter than the former. The ALJ questioned plaintiff about the physical demands of his cashier job, solicited an opinion from the VE as to whether the job would be considered light or sedentary (the VE opined that it was a light-exertion job), posed a series of hypotheticals to the VE to determine whether plaintiff could perform his past job as a cashier notwithstanding his impairments, and then made findings of fact based upon the testimony of the VE. (Tr. 250-54, 280-84)  The ALJ's consultation with

the VE and reliance upon the VE's testimony in determining that plaintiff was capable of performing his past relevant work was entirely consistent with the provisions of § 404.1562(b)(2). Furthermore, though the ALJ could have been more thorough in setting forth his findings regarding plaintiff's past relevant work as a cashier, the court finds that the ALJ substantially complied with the requirements of SSR 82-16 in stating his findings. For the reasons stated above, plaintiff's first claim of error is rejected.

### B. Accuracy of Hypothetical

At the hearing, plaintiff testified that he took naps during the day and that his energy level was low due to medications he was taking, that he was constantly in pain, and that he frequently experienced severe pain. (Tr. 266-78) In response to a hypothetical posed by the ALJ, the VE testified that there were no jobs plaintiff could perform if his testimony regarding his pain and fatigue was credible. (Tr. 283-84) Plaintiff contends that this portion of the VE's testimony warrants a finding that he is disabled.

Had the ALJ found plaintiff's testimony to be credible, plaintiff's argument might have some merit. However, the ALJ did not reach such a conclusion. Giving plaintiff the benefit of the doubt, the ALJ included in his RFC determination a restriction on the use of ladders, ropes, or scaffolds based upon plaintiff's testimony as to the side effects of his medications. (Tr. 26) The ALJ otherwise found that plaintiff's testimony was not fully credible:

> The claimant's allegations that he can perform no sustained work activity because of back pain that radiated into his lower extremities and left arm, hand and wrist pain are not fully credible. These allegations are inconsistent with the objective medical evidence, the absence of more aggressive treatment and the

> claimant's ordinary activities. While the claimant has had back pain since an injury in 1987, he has not had any aggressive treatment, including surgery, but has had only injections and medication. In addition, x-rays do not reveal anything that would prevent the claimant from doing light work. X-rays consistently showed only minimal facet arthritis at L5-S1 and mild degenerative changes.... When he was examined by Dr. Sankaran, the claimant could squat and recover using the examining table for support and had normal range of motion in his elbows, ankles, wrists and left knee. He had EMG testing that showed no evidence of peripheral neuropathy, myopathy, or cervical or lumbosacral radiculopathy. Dr. Berlanga found full range of motion in the claimant's left wrist despite his claims to the contrary and also found that the [claimant] had negative straight leg raising. Dr. Berlanga even found that to some extent the claimant was malingering. The medical evidence also documents no adverse medication side-effects.

(Tr. 25) The reasons stated by the ALJ, which are fully supported by the record, constitute a substantial basis for discrediting plaintiff's testimony as to the extent of his pain and limitations. The ALJ, having properly determined that plaintiff's testimony was not fully credible, did not err in rejecting testimony that was premised upon the assumption that plaintiff was entirely credible.

### C.  Substantial Evidence

Though plaintiff did not specifically argue in his motion for summary judgment that the ALJ's decision was not supported by substantial evidence, the court has reviewed the record in its entirety and concludes that there is substantial evidence in the record to support the ALJ's determination that plaintiff is not disabled.

As the ALJ noted in his assessment of plaintiff's credibility, the X-ray and EMG evidence in the record reveals nothing suggesting that plaintiff is incapable of performing his past work as a cashier and nothing supporting plaintiff's allegations as to the extent of his pain

and limitations. X-rays taken on June 5, 2002, of plaintiff's left wrist, lumbar spine, and thoracic spine showed no significant abnormalities. (Tr. 133-35) X-rays taken on December 9, 2002, of plaintiff's left arm, left wrist, and lumbar spine likewise showed no significant abnormalities, and x-rays taken on June 9, 2003, of plaintiff left wrist showed "[n]o acute abnormality. (Tr. 159-61, 174) EMG and nerve conduction studies performed on July 19, 2002, yielded normal results. (Tr. 131-32) The neurologist who examined plaintiff stated in her report that the "electrodiagnostic findings do not adequately explain [plaintiff's] complaints. (Tr. 131) Further, the ALJ's RFC determination is consistent with the findings set forth in the Residual Functional Capacity Assessment form prepared by consulting physician John D. Siddall, who found that plaintiff could occasionally lift and carry 20 pounds and frequently lift or carry up to 10 pounds, that he could stand and/or walk and sit for six hours out of eight-hour work day, that his ability to push and pull was unlimited, that he could occasionally climb, balance, stoop, kneel, crouch, and crawl, and that he had no manipulative or visual limitations. (Tr. 146-53) The ALJ's RFC determination is otherwise fully consistent with the medical evidence in the record.[3] Based on that RFC determination, as incorporated in the hypotheticals posed by the ALJ, the VE testified that plaintiff was capable of performing his past work as a cashier. The ALJ's RFC determination and the hypotheticals accurately portrayed plaintiff's functional limitations. Accordingly, the VE's testimony constitutes substantial evidence to support the ALJ's finding

---

[3]The court notes that Dr. Lorenza Berlanga stated in a form dated October 1, 2002, that plaintiff could not work at any job for a period of six months due to "Arthralgia." (Tr. 175) However, Dr. Belanga's opinion is not supported by any clinical findings and is inconsistent with his own treatment notes, in which he indicated, among other things, that he "strongly suspect[ed] malingering to some degree." (Tr. 120)

that plaintiff is not disabled.  Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987)(substantial evidence to support finding that claimant is not disabled may be produced through reliance on testimony of vocational expert in response to  hypothetical question that accurately portrays claimant's impairments).

### V.  Conclusion

The court, having rejected plaintiff's claims of error and having found that there is substantial evidence in the record to support the ALJ's decision, recommends that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's motion be **GRANTED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

|  |  |
|---|---|
|  | s/Virginia M. Morgan |
|  | VIRGINIA M. MORGAN |
| Dated:  July 25, 2005 | UNITED STATES MAGISTRATE JUDGE |

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record herein by electronic means or U.S. Mail on July 25, 2005.

> s/Jennifer Hernandez
> Case Manager to
> Magistrate Judge Morgan

---